**Harry R. THOMPSON, Plaintiff,**

v.

**UNITED STATES of America, INTERNAL REVENUE SERVICE, Defendant.**

**No. IP 95–1557–C M/S.**

United States District Court, S.D. Indiana, Indianapolis Division.

July 3, 1996.

E. Franco Upano, Upano Law Offices, Greenwood, IN, for Plaintiff.

Timothy A. Lohrstorfer, Special Asst. U.S. Attorney, District Counsel Office, Indianapolis, IN, Robert A. Brothers, Chapter 13 Trustee, Indianapolis, IN, Kenneth C. Meeker, U.S. Trustee, Indianapolis, IN, Karen A. Smith, Trial Attorney, Tax Division, U.S. Department of Justice, Washington, DC, for Defendant.

## ORDER

McKINNEY, District Judge.

On July 10, 1995, Bankruptcy Judge Otte issued an order resolving the debtor's complaint for redetermination of tax liability. The debtor was involved in a dispute with the Internal Revenue Service ("IRS") in his Chapter 13 proceeding. In the order the court found more tax due than the debtor had acknowledged. The IRS was ordered to file a proof of claim setting forth the additional tax, plus interest, within 30 days of the date of the order. The imposition of the time limit was not pursuant to any bankruptcy rule nor any statutory mandate. The time limit was imposed by the general authority of the court to order its business.

The IRS was late in the filing by one day. The debtor's attorney was not served with a copy of the amended claim. The debtor sought to have the court determine that the late filing be deemed a waiver of the claim. The bankruptcy court held a hearing on the debtor's request and found that the late filing was caused by excusable neglect and denied the request to find a waiver. The debtor appeals the decision.

The debtor cites no case in support of his position that the bankruptcy court has no authority to extend a filing time set in its own order. The debtor cites no case for the proposition that if an amended claim is not copied to the debtor's counsel, it is not filed. The only cases cited deals with notions of waiver that have no applicability to this cause. The bankruptcy court is well within its authority as a court of competent jurisdiction to use its own discretion in the enforcement of deadlines set in its own orders.

The bankruptcy court cited *Pioneer Inv. Services v. Brunswick Associates*, 507 U.S. 380, 113 S.Ct. 1489, 123 L.Ed.2d 74 (1993) appropriately in the defense of its action. That case allows the bankruptcy court to grant extensions for excusable neglect. The debtor does not attempt to address that case. Bankruptcy Rule 9006(b)(1) says that "... when an act is required or allowed to be done at or within a specified period of time ... by an order of the court, the court may at any time at its discretion ... order the period enlarged ... on motion made after the specified period permit the act to be done where the failure to act was the result of excusable neglect." The debtor does not and can not counter this rule.

The debtor does not argue prejudice except that the original order of the court assessing him additional tax will remain. The substantial rights of the parties were not affected by allowing the late filing. The debtor knew the order of the court and was in no way prejudiced by the late compliance by the IRS.

The finding of excusable neglect is reasonable as found by the court below. The reasoning of the bankruptcy court is sound and will not be reassessed by this Court.

For the foregoing reasons the opinion of the bankruptcy court is **AFFIRMED**.